# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 23, 2021

Lyle W. Cayce
Clerk

No. 20-10476

Michael Wease,

*Plaintiff—Appellant*,

*versus*

Ocwen Loan Servicing, L.L.C.; Wells Fargo Bank, N.A.,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CV-4107

Before Haynes, Graves, and Willett, *Circuit Judges*.
Per Curiam:*

In this home foreclosure case, Michael Wease appeals the district court's final judgment and denial of his motion for reconsideration. Wease filed this lawsuit against Ocwen Loan Servicing, L.L.C. and Wells Fargo Bank, N.A. (collectively, "Appellees") for various claims, including breach of contract. On appeal, he argues that the district court improperly:

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-10476

(1) denied his jury charge request; and (2) failed to include any question related to Ocwen's alleged breach of contract, constituting a manifest error. For the following reasons, we AFFIRM.

## I.     Background

This case concerns a longstanding contractual dispute between the parties. Wease executed a home equity note on his property and secured the loan with a deed of trust, with an appended Escrow Waiver Agreement (collectively, the "Loan Contract"). Under the Loan Contract, Wease was responsible for paying property taxes. However, under Section 3 of the deed of trust, if Wease failed to pay his taxes, pursuant to a waiver, Ocwen (the loan servicer) could exercise its right to pay the amount owed and demand repayment. Notably, Ocwen could revoke the waiver "at any time by a notice given in accordance with Section 14" of the deed of trust.

After Ocwen paid Wease's 2010 property taxes, Wells Fargo (the current beneficiary of the deed of trust) attempted to foreclose on Wease's home. In response, Wease filed a lawsuit against the Appellees for various claims, including breach of contract. Among other claims, Wease alleged that Ocwen breached the deed of trust by paying his non-delinquent 2010 taxes, revoking the Escrow Waiver Agreement, and setting up an escrow account— all without notice. Appellees filed a foreclosure counterclaim.

The district court granted Appellees' motion for summary judgment on all of Wease's claims, as well as Appellees' foreclosure counterclaim. Wease appealed; we reversed the district court's grant of summary judgment on Wease's breach-of-contract claim, vacated the grant of summary judgment on the foreclosure counterclaim, and remanded. *Wease v. Ocwen Loan Servicing, L.L.C.*, 915 F.3d 987, 997 (5th Cir. 2019). In particular, we noted that there were two breach-of-contract issues in need of resolution: (1) "whether the contract permitted Ocwen to pay Wease's non-delinquent

2

2010 taxes on December 16, 2010"; and (2) "whether Ocwen provided contractually required notice of that action and of Ocwen's revocation of the [Escrow] Waiver Agreement." *Id.* at 993.

On remand, a jury found in favor of the Appellees regarding Wease's two surviving breach-of-contract claims and the foreclosure counterclaim. Wease filed a motion for reconsideration under Federal Rule of Civil Procedure 59(e). The district court denied his motion and entered a final judgment against Wease based on the jury verdict. Wease timely appealed.

## II.    Jurisdiction and Standard of Review

The district court had diversity jurisdiction over this case under 28 U.S.C. §§ 1332 and 1441. The real parties in interest are citizens of different states and the amount in controversy is greater than $75,000.[1] We have jurisdiction under 28 U.S.C. § 1291 to review the district court's final judgment.

Our review of a jury instruction challenge is governed by Federal Rule of Civil Procedure 51. Rule 51(c)(1) requires a party who objects to the failure to give an instruction to "do so on the record, stating distinctly the matter objected to and the grounds for the objection." In addition, there is a timeliness requirement, which is satisfied if "a party objects at the opportunity provided under Rule 51(b)(2)" before the court delivers jury instructions and final jury arguments. FED. R. CIV. P. 51(c)(2)(A).

We review a properly preserved jury instruction objection for abuse of discretion, "affording the trial court substantial latitude in describing the law

---

[1] Wease suggests that diversity jurisdiction may be lacking because he does not know the citizenship of limited liability company Ocwen's members. This suggestion is unfounded: Ocwen clearly listed the citizenship of its sole member in its notice of removal, and Wease never challenged it in his later amended complaints.

to the jurors." *Jimenez v. Wood Cnty.*, 660 F.3d 841, 845 (5th Cir. 2011) (en banc) (internal quotation marks and citation omitted). If a party challenges the trial court's failure to give a requested jury instruction, we will reverse only if the requested instruction (1) "was a substantially correct statement of law," (2) "was not substantially covered in the charge as a whole," and (3) "concerned an important point in the trial such that the failure to instruct the jury on the issue seriously impaired the party's ability to present a given claim." *Janvey v. Dillon Gage, Inc. of Dall.*, 856 F.3d 377, 388 (5th Cir. 2017) (cleaned up).

We also review a denial of a motion to reconsider for abuse of discretion. *In re Life Partners Holdings, Inc.*, 926 F.3d 103, 128 (5th Cir. 2019). We construe "a motion for reconsideration filed within 28 days of final judgment as a Federal Rule of Civil Procedure 59(e) motion to alter or amend the district court's judgment." *Id.* To prevail under Rule 59(e), the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot . . . raise arguments which could, and should, have been made before the judgment issued." *Id.* (internal quotation marks and citation omitted). Relevant here, a "manifest error" is an obvious error that "is plain and indisputable, and that amounts to a complete disregard of the controlling law." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (internal quotation marks and citation omitted).

### III.   Discussion

On appeal, Wease puts forth two related arguments. First, Wease argues that the district court erred in denying his requested jury instruction question: "Was the Escrow Waiver Agreement breached when Ocwen paid for Plaintiff's 2010 non-delinquent taxes on December 16, 2010?" He maintains the proposed question was: (1) "a correct statement of law"; (2) "not substantially covered by the charge" because the charge failed to

address the Appellees' alleged breach of the Escrow Waiver Agreement; and (3) important because it "would have greatly reduced his liability" if the jury found that Ocwen breached the Loan Contract.  Second, Wease argues that the district court erred in denying his Rule 59(e) motion for reconsideration because the district court's failure to include any questions related to Appellees' alleged breach of contract—that is, wrongfully paying Wease's non-delinquent 2010 taxes—constituted a manifest error of law.  He maintains that the charge only "partially addressed" the two breach-of-contract issues previously identified by our prior opinion, and that opinion, as well as controlling contract law, required the submission of his requested question.  We disagree.

To begin, we observe that Wease's two arguments essentially boil down to one question: did the district court err in denying his jury instruction request?  Assuming arguendo that Wease properly preserved his objection,[2] he failed to demonstrate the requested question "was not substantially covered in the charge as a whole."[3]  *Janvey*, 856 F.3d at 388 (internal quotation marks and citation omitted).  The district court's jury instructions included specific language regarding: Wease's contention that the Appellees breached the Loan Contract by revoking the Escrow Waiver Agreement without notice; Appellees' contention that they were permitted under the deed of trust and Escrow Waiver Agreement "to advance due amounts to the taxing authority for the 2010 taxes"; the specific provisions of the Loan

---

[2] The parties dispute whether Wease properly preserved his jury instruction objection.  However, it is unnecessary to address this issue because Wease's argument fails on the merits.

[3] Wease focuses his argument on whether the first jury instruction question covered his requested question.  By focusing on only one aspect of the jury charge, he fails to properly assess the entire jury charge as we are required to do.  *See Janvey*, 856 F.3d at 388.

Contract that the Appellees were alleged to have breached; as well as a question addressing both revocation and adequate notice. Taken as a whole, these instructions substantially covered Wease's requested question, even though the district court did not adopt Wease's precise formulation. Therefore, the district court did not err in denying Wease's requested jury question.

Relatedly, Wease's argument regarding his Rule 59(e) motion for reconsideration fails because, considering the jury charge as a whole, he has not shown that the district court committed a manifest error in failing to include any questions related to Appellees' alleged breach of contract regarding the payment of Wease's 2010 taxes.

Accordingly, we AFFIRM the judgment of the district court and its denial of the motion for reconsideration.